[Civ. No. 24373. Second Dist., Div. One. Mar. 12, 1962.]

SERAFINO M. SASSONE, D. C., Plaintiff and Appellant, v. BOARD OF CHIROPRACTIC EXAMINERS et al., Defendants and Respondents.

Franklin W. Peck and Jerome J. Mayo for Plaintiff and Appellant.

Stanley Mosk, Attorney General, and Henry G. Ullerich, Deputy Attorney General, for Defendants and Respondents.

WOOD, P. J.—In an accusation filed with the Board of Chiropractic Examiners three causes for disciplinary action were alleged against Serafino M. Sassone, a chiropractor. The first two causes of action were based upon alleged misleading newspaper advertising. The third cause of action was to the effect that he had used an assumed name, "Sassone Diagnostic Office," in the advertisements.

After an administrative agency hearing the Board of Chiropractic Examiners (referred to herein as the board)

made certain findings; and it made a determination that the advertisements were in contravention of section 10, subdivision (a), of the Chiropractic Act; and that the use of the name, "Sassone Diagnostic Office," was not the use of an assumed name. The board made an order suspending his license for one year.

The licensee filed a petition for a writ of mandate, requiring the board to vacate the order suspending his license. The court denied the petition. The appeal is from the judgment.

The first charge against the licensee alleged that he violated section 10, subdivision (a), of the Chiropractic Act [Stats. 1923, p. xx; Deering's Gen. Laws, Act 4811], as follows: About April 1, 1958, he caused and permitted an advertisement to appear in the "Los Angeles Mirror news," a newspaper of general circulation in Los Angeles County; a copy of the advertisement is attached to and made a part of the accusation;[1] said advertisement contained the following statement: "Childless brides who wish to become mothers cannot fail to be benefited by emptying the colon if engorged. Men who are sluggish, below par, prematurely old, impotent, cannot fail to be benefited by removing colon impactions."; these statements when read in the context of said advertisement constitute advertising in a newspaper that the licensee will treat, cure and attempt to treat and cure persons afflicted with sexual disease, lost manhood, sexual weakness, sexual disorder and disease of the sexual organs, all in violation of said section 10, subdivision (a), of the Chiropractic Act.

The second charge against the licensee alleged that he violated section 311 of title 16 of the California Administrative Code, which violation constitutes grounds for disciplinary action, in the following manner: About March 13, 1958, he

---

[1]
"CONSTIPATION
STOMACH GAS
RELIEF IN 20 MINUTES

"Enjoy a Trial Treatment—$3. This includes laboratory test and health examination. The finest that money can buy. Yes! Total cost $3. No other charges. No extras.

"Cancer of the bowels: Many times one may have cancer of the bowels without early symptoms. Indications when they become noticeable are constipation, perhaps diarrhea or maybe both alternating. If the malignancy appears near the rectum, blood may be detected in the elimination. The afflicted might have a feeling of distention or that the rectum has not been emptied.

"Cancer of the rectum is frequently found just inside of the exit and easily located by the examining physicians. Don't be misled for what appears to be piles or occasion bleeding. This might be an early indica-

caused and permitted an advertisement to appear in the "Los Angeles Mirror News," a newspaper of general circulation in Los Angeles County; a copy of the advertisement is attached to and made a part of the accusation;[2] the greater part of said advertisement consists of statements concerning the symptoms and causes of cancer of the prostate gland, cancer of the bowels and cancer of the rectum; although said advertisement contains the phrase "Personally I Do Not treat cancer or malignancies," it states, immediately thereafter: "Amazing results. Here is proven, inexpensive method of treatment that has been eminently successful in thousands of cases. Endorsed by outstanding medical authority. Unbelievable. Testimonials"; said statement when read in the context of the entire advertisement is a misstatement and misrepresentation that the licensee can bring about the detection and cure of cancer; said advertisement is a distorted, sensational, and fabulous statement which has a tendency to deceive the public and lead credulous or ignorant persons to believe that the licensee's treatment has amazing results with the disease of cancer.

At the administrative hearing, it was stipulated that the licensee caused the said advertisements to appear in said newspapers.

---

tion of cancer. (NOTE: Personally I Do Not treat cancer or malignancies.)

"Stomach gas frequently causes paralysis, heart failure and sudden death. Remove quickly. Beware.

"Childless brides who wish to become mothers can not fail to be benefited by emptying the colon if engorged.

"Men who are sluggish, below par, prematurely old, impotent, cannot fail to be benefited by removing colon impactions.

"Skin disease, eczema, psoriasis, itch, hives, acne, respond to these treatments when other methods fail.

"Upward to 1,500,000 various treatments have been given at this address.

"Open 7 a.m. to 8 p.m. Sassone Diagnostic Office

355 S. Broadway, Downtown Los Angeles 13, Cal. MA-67121

World's Largest"

[2]  "Prostate

Gland Failure.

"Prostate cancer kills more men over 65 years of age than any other form of cancer, said noted urologist at a recent convention.

"He further stated prostate cancer was caused by the 'massive' release of male sex hormones into the blood stream and stressed that its victims are primarily men past 40.

Urges Examination

" 'Prostate cancer is one of the most simple diseases to diagnose and could be cured if detected early enough,' said the noted specialist. He further states: 'That is why I urge every man past 40 to take a rectal

The proposed decision of the hearing officer included findings as follows: About April 1, 1958, the licensee authorized the publication of said advertisement of April 1, 1958 (above quoted, which included the statements commencing with the words: "Childless brides . . . ." and "Men who are sluggish . . ."). Said statements constitute an invitation to the general public that the licensee will treat, cure or attempt to treat or cure any person afflicted with any sexual disease, for lost manhood, sexual weakness or sexual disorder or any disease of the sexual organs.

The proposed decision of the hearing officer also included findings as follows: About March 13, 1958, the licensee authorized the publication of said advertisement of March 13, 1958 (above quoted, which included statements commencing with the words: "Cancer of the bowels . . .," "Cancer of the rectum . . .," and "Amazing results. . . ."). Said statements constitute an invitation to the general public that the licensee can bring about the detection and cure of cancer, and said statements in said advertisement have a tendency to deceive the public and lead credulous or ignorant persons to believe that licensee's treatment has amazing results with the disease of cancer.

---

examination twice or at least once a year.' (NOTE: Personally I Do NOT treat cancer or malignancies.)

'CONSTIPATION
STOMACH GAS
RELIEF IN 20 MINUTES

"Cancer of the bowels: Many times one may have cancer of the bowels without early symptoms. Indications when they become noticeable are constipation, perhaps diarrhea or maybe both alternating. If the malignancy appears near the rectum, blood may be detected in the elimination. The afflicted might have a feeling of distension or that the rectum has not been emptied.

"Cancer of the rectum is frequently found just inside of the exit and easily located by the examining physicians. Don't be misled for what appears to be piles or occasional bleeding might be an early indication. (NOTE: Personally, I Do NOT treat cancer or malignancies.)

"Amazing results. Here is a proven, inexpensive method of treatment that has been eminently successful in thousands of cases. Endorsed by outstanding medical authority. Unbelievable. Testimonials.

SEND FOR FREE BOOK.

"Upwards to 1,500,000 various treatments have been given at this address to patients who have visited these premises from all parts of California, United States and foreign countries. Trial Treatment $3.

OPEN 7 A.M. to 8 P.M.

SASSONE DIAGNOSTIC OFFICE

WORLD'S LARGEST — NO BRANCHES

355 S. Broadway, downtown Los Angeles 13, MAdison 6-7121"

In his proposed decision, the hearing officer made the following determination of issues: Licensee has authorized the publications of advertisements which are in contravention of the provisions of section 10, subdivision (a), of the Chiropractic Act, thereby subjecting his license to disciplinary action as provided by section 10. Licensee's publication of the title, "Sassone Diagnostic Office," does not amount to the practice of chiropractic under an assumed name.

The proposed decision also included the proposed order that the license of the licensee be and is suspended for one year.

The board adopted the proposed decision as its decision.

As above stated, the licensee sought a writ of mandate, requiring the board to vacate the order suspending his license.

The trial court found that about April 1, 1958, and about March 13, 1958, the licensee authorized the publications of said advertisements; David G. Rucker was a special investigator for the board; he filed the accusation in his official capacity as such investigator; he was not biased or prejudiced against the licensee; it is not true that the board in adopting the proposed decision of the hearing officer took into account statements and evidence of other matters which were not received in evidence at the hearing; it is not true that the hearing officer was biased or prejudiced; the board afforded the licensee a full and fair hearing and did not abuse its discretion; the board's findings of fact and determination of issues are supported by the weight of the evidence in the light of the whole record.

The court made the following conclusions of law: Licensee has advertised in a newspaper of general circulation that he will treat, cure and attempt to treat and cure persons afflicted with sexual disease, for lost manhood, sexual weakness, sexual disorder and disease of the sexual organs. He has advertised in a newspaper of general circulation that he can bring about the detection and cure of cancer. Said advertisement has a tendency to deceive the public and lead credulous and ignorant persons to believe that licensee's treatment has amazing results with the disease of cancer. He has violated the provisions of section 10, subdivision (a), of the Chiropractic Act, and has violated provisions of "Rule Section 311 of Title 16 of the California Administrative Code," thereby subjecting his license to disciplinary action as provided by said section 10, subdivision (a), and said rule 311. In the administrative proceedings the licensee was afforded a fair hearing. The findings of the board are supported by the weight of the evidence

in light of the whole record, and the determination of issues is supported by said findings. The board proceeded in the manner required by law. The decision of the board should not be vacated. A peremptory writ of mandate should be denied.

The judgment was that a peremptory writ of mandate is denied.

Section 10, subdivision (a), of the Chiropractic Act provides, in part: "The board shall refuse to grant, or may suspend or revoke, a license to practice chiropractic in this State upon any of the following grounds, to wit: . . . the advertising . . . upon any card, sign, newspaper advertisement . . . that the holder of such license . . . will treat, cure, or attempt to treat or cure, any venereal disease, or will treat or cure, or attempt to treat or cure, any person afflicted with any sexual disease, for lost manhood, sexual weakness or sexual disorder or any disease of the sexual organs. . . ."

Section 311 of title 16 of the California Administrative Code provides, in part: "Constructive educational publicity is encouraged, but the use by any licensee of advertising which contains misstatements, falsehoods, misrepresentations, distorted, sensational or fabulous statements, or which is intended or has a tendency to deceive the public or impose upon credulous or ignorant persons, constitutes grounds for the imposition of any of the following disciplinary penalties: (a) Suspension of said licensee's right to practice in this State for a period not exceeding one (1) year.  (b) . . . . (c) Taking such other action, excepting the revocation of said licensee's license, in relation to disciplining said licensee as the board in its discretion may deem proper."

▋▋ Appellant (licensee) contends that he was denied due process of law in that the hearing officer failed to make proper findings responsive to the issues presented by the accusation. In his argument concerning this, he refers to the allegations of count 1 of the accusation to the effect that the licensee violated section 10, subdivision (a), of the act by advertising that he "*will treat, cure and attempt to treat and cure* persons afflicted with sexual disease, lost manhood . . . and diseases of the sexual organs . . . ." (Italics added by appellant.) Then, continuing his argument, he refers to the hearing officer's finding of fact to the effect that the statements in the advertisement of April 1 (regarding "Childless brides . . ."

and "Men who are sluggish . . . prematurely old, impotent . . .") "constitute *an invitation to the general public* that the respondent (licensee) will treat, cure or attempt to treat or cure any person afflicted with any sexual disease, for lost manhood . . . ." (Italics added by appellant.) He argues that said finding does not constitute a finding that the advertisement of April 1 contravened the provisions of section 10, subdivision (a), of the act; that he was charged with advertising that he "will treat, cure or attempt to treat or cure" certain diseases; and that hearing officer found that the statements in the advertisement "constitute *an invitation to the general public*" that appellant will treat, cure or attempt to treat or cure certain diseases." Appellant's position is that the hearing officer failed to find that a violation of section 10, subdivision (a), had occurred in that the officer did not find in the language of the section or the accusation that appellant had *advertised* that he would treat or cure, or attempt to treat or cure, diseases designated in the section (prohibiting such representation by advertising), but the hearing officer made an equivocal finding that the advertisement was *an invitation to the general public* that appellant would treat or cure, or attempt to treat or cure, such diseases. The licensee admitted that he caused the advertisements to appear in the newspaper. The hearing officer found that he authorized the publication of the advertisements. It is true that the officer did not state expressly in his said finding that the quoted portions of the advertisement, appearing in said finding, constituted *advertising* that the licensee would treat, cure, etc. The officer, however, did state in the finding that such quoted portions constituted "an invitation to the general public" that the licensee would treat, cure, etc. It is apparent that, under such circumstances where the whole publications were characterized as "advertisements," that the use of the words "an invitation to the general public," in characterizing portions of said advertisements, was equivalent to using the word "advertising." One definition of the word "advertise," as shown in Webster's Dictionary is: "To give public notice of; to announce publicly, esp. by a printed notice; as, to *advertise* a sale; hence to call public attention to, . . . ." That finding as to the advertisement of April 1 was an adequate finding that the licensee had advertised in a manner prohibited by section 10, subdivision (a), of the act. It was not a requirement that the findings include an express statement that such advertising violated said section. Such a statement was included in the hearing officer's

"determination" or legal conclusion, regarding the issues presented.

█ Also, in the licensee's argument regarding his contention that the hearing officer failed to make proper findings, he asserts that the officer failed to find that the advertisement of March 13 violated section 311 of title 16 of the Administrative Code, as alleged in count 2 of the accusation. One of his arguments regarding this is that the finding does not state expressly that the quoted portions of the advertisement (regarding cancer and the amazing results), appearing in said finding, constituted "advertising," but that said finding was equivocal in that it stated that said quoted portions constituted "an invitation to the general public" that the licensee could bring about the detection and cure of cancer. It is apparent that the use of those words ("an invitation," etc.) was equivalent to using the word "advertising." That finding as to the advertisement of March 13 was an adequate finding that the licensee had advertised in a manner prohibited by section 311 of title 16 of the Administrative Code. It was not a requirement that the findings include an express statement that such advertising violated said section. As above stated, said section provides, in part, that "the use by any licensee of advertising which contains misstatements, falsehoods, misrepresentations, distorted, sensational or fabulous statements, or which . . . has a tendency to deceive the public or impose upon credulous or ignorant persons," constitutes grounds for suspension of the licensee's license. The finding regarding the advertisement of March 13, after stating that the licensee authorized the advertisement, quoted portions of it concerning cancer of the bowels and rectum, and concerning amazing results of an inexpensive and successful method of treatment. The findings also included a statement that said portions have a tendency to deceive the public and lead credulous or ignorant persons to believe that the licensee's treatment has amazing results with the disease of cancer. Although the findings did not include an express statement that the licensee violated said section 311, the findings recited facts, as to acts committed by the licensee, which show that he had advertised in a manner prohibited by said section 311. █ It is also true, as asserted by the licensee, that the determination of issues by the hearing officer did not include a statement that the licensee had violated said section 311. Whether or not he had violated that section would be a conclusion of law to be made upon the basis of the facts found. Upon that basis it is obvious that the

proper conclusion of law would be that there was such a violation. Under the circumstances here it was not necessary that such conclusion be stated. In the licensee's petition for a writ of mandate herein, he makes allegations upon the basis that the hearing officer and the board had found and concluded that said section 311 had been violated. One of such allegations is to the effect that the advertisement of March 11 "is not fairly susceptible of the construction that the statements contained therein constitute a violation of Sec. 311 of Title 16 of the California Administrative Code . . . ." Such omission in the "determination of issues" (omitting conclusion of law regarding violation of § 311) was an unprejudicial irregularity.

■ Appellant contends further than section 311 of title 16 of the Administrative Code is unconstitutional in that it purports to engraft upon the Chiropractic Act (an initiative measure) a new and different ground for suspension of a license. He argues that the board's adoption of said section as a part of the Administrative Code constituted an invasion of the legislative field. Section 4, subdivision (b), of the Chiropractic Act provides, among other things, that the board shall have power "To adopt from time to time such rules and regulations as the board may deem proper and necessary for the performance of its work, copies of such rules and regulations to be filed with the Secretary of State for public inspection." In *Cozad* v. *Board of Chiropractic Examiners,* 153 Cal.App.2d 249 [314 P.2d 500], it was said at page 256: "Actually, rule 311 specifies the disciplinary penalties to be imposed by respondent board upon chiropractors for advertising misstatements, falsehoods, misrepresentations (all of which are *untrue*) or distorted, sensational or fabulous statements, or any statements intended to or having a tendency to deceive the public or impose upon credulous or ignorant persons (all of which are *misleading*). The respondent board, in enacting rule 311 was performing its duty to enforce the Chiropractic Act and 'to promote the spirit and purpose' thereof." Said section 311 is not unconstitutional as applied to the facts in the present case.

■ Appellant also contends that the superior court erred in limiting the scope of the licensee's inquiry with reference to the matter of the board's adoption of the hearing officer's proposed decision. He argues that it appears that the board, in adopting the decision, took into account matters which were not received in evidence at the administrative hearing on

September 10, 1958. One of the matters referred to was a letter, dated August 20, 1958, written by L. E. Montenegro, D. C., to David Rucker, an investigator employed by the board. The deposition of Mr. Rucker (taken by licensee on December 3, 1958) included testimony to the effect that, while the accusation was pending and before it was heard, Dr. Montenegro, the secretary of the board, sent a certain letter to Mr. Rucker.[3] At the trial Mr. Rucker, called as a witness by the licensee, testified that he saw Dr. Montenegro's letter soon after August 20, 1958 (the date it was written); that as a result of that letter, he called upon Dr. Sassone. Thereupon, the letter was offered in evidence by the licensee. The board's objection thereto on the ground of immateriality was overruled, and the letter was received as Exhibit 1. The witness (Mr. Rucker) was asked, by counsel for licensee: "Will you relate the discussion you had with Dr. Sassone; what you said and what he said." Counsel for the board objected to the question on the grounds of irrelevancy and immateriality. The objection was sustained. Also at the trial, Dr. Montenegro, called as a witness by the licensee, was asked whether he had the advertisement (referred to in the letter) before him when he prepared the letter. He replied in the affirmative. He also said that he did not have a copy of the advertisement with him, but he thought he could obtain a copy of it. He was asked, "In what newspaper was it published?" Counsel for the board objected to the question on the ground that it was immaterial as to what some other advertisement of the licensee may have stated. The objection was sustained. It seems that appellant's position, with reference to the rulings sustaining the above-mentioned objections, is that the rulings erroneously limited inquiries "as to any possible bias" of the board when it adopted the proposed decision. Although appellant has not pointed out specifically the alleged errors, it appears that his general assertion is to the effect that since the additional advertisement referred to

---

[3] "Aug. 20, 1958.

"Dear Dave:

"We have received a complaint in regards to possible misleading advertising by Dr. Sassone. The bold type is a possible violation of Rule 311, tending to induce the belief that only medical doctors may diagnose. It would seem that the ad would intend, or has a tendency to deceive the public, or impose upon credulous or ignorant persons. The bold type is a distorted version of the facts, in regard to laboratory diagnosis. Please take care of this. Thank you.

L. E. Montenegro."

in the letter (not one of those mentioned in the accusation) was called to the attention of the investigator for the board while the accusation was pending, the advertisement and letter might have caused the board to be biased against appellant. It does not appear that such rulings were erroneous or that the court erroneously limited the scope of inquiry with reference to the matter of the letter.

Appellant also asserts that the court erred in sustaining objections to the following questions, which were asked Dr. Montenegro: 1. "Did you tell Mr. Rucker, at . . . the time you delivered this memorandum [letter, Exhibit 1] to him, that the advertisement to which it relates . . . [that blood samples taken by him were submitted to medical doctors for analysis] was a reflection upon the entire chiropractic profession?" 2. "Did you tell Mr. Rucker . . . that you and other members of the Board were angry . . . because of the advertisement in question [the one referred to in the letter]?" 3. "Did you tell Mr. Rucker at any time that you had been informed that Dr. Sassone was charging exorbitant fees and, as a result, chiropractors had been barred from insurance company lists. . . .?" Appellant's argument regarding these questions seems to be that they were material with respect to asserted bias and prejudice of the board. In his argument he also states that he believes that before the board adopted the decision, "other extraneous matters" were called to the attention of the board. It does not appear that the rulings were erroneous.

As above stated, the court found, among other things, that the board's findings of fact and determination of issues are supported by the weight of the evidence in the light of the whole record. The findings of the court are supported by the evidence.

In view of the above conclusions, it is not necessary to determine other contentions on appeal.

The judgment is affirmed.

Lillie, J., concurred.

Fourt, J., did not participate herein.

A petition for a rehearing was denied April 6, 1962, and appellant's petition for a hearing by the Supreme Court was denied May 9, 1962.