Dear Honorable York,
The Attorney General has received your request for an official opinion asking, in effect:
 Does either Okla. Const. Article XXVIII, Section 5 or 37 O.S. 516 (1981) prohibit a printing company located in Oklahoma from printing and binding a publication of a national publisher headquartered outside Oklahoma which contains liquor advertising and which will be distributed in all fifty (50) states?
Your question concerns two provisions of Oklahoma law which prohibit the advertising of alcoholic beverages within Oklahoma. Okla. Const. Article XXVIII, Section 5 provides in pertinent part:
 "It shall be unlawful for any person, firm, or corporation to advertise the sale of alcoholic beverages within the State of Oklahoma, except by a sign at retail package stores bearing the words `Retail Alcoholic Liquor Store.' "
2 Title 37 O.S. 516 (1981) provides:
 "It shall be unlawful for any person, firm or corporation to advertise any alcoholic beverages or the sale of same within the State of Oklahoma, except one sign at the retail outlet bearing the words `Retail Alcoholic Liquor Store,' or any combination of such words or any of them and no letter in any such sign shall be more than four (4) inches in height or more than three (3) inches in width, and if more than one line is used the lines shall not be more than one (1) inch apart." (Emphasis added).
The italicized part of 37 O.S. 516 is substantially similar to the quoted language in Article XXVIII, Section 5 and its predecessor, Article XXVII, Section 5 which was repealed in 1984. See, State Question No. 563, Initiative Petition No. 319, adopted at election held on September 18, 1984.
To answer your question, we must determine the exact parameters of the prohibition in Okla. Const. Article XXVIII, Section 5 and 37 O.S. 516
(1981). The general rule in interpreting words of statutes and constitutional provisions is to do so in accordance with their plain, ordinary meaning in the absence of a clear contrary intent. State exrel. Western State Hospital v. Stoner, 614 P.2d 59 (Okla. 1980). Applying this rule to the word "advertise," we find that it means:
 "to make publicly and generally known; to announce publicly especially by a printed notice or a broadcast; to call public attention to especially by emphasizing desirable qualities so as to arouse a desire to buy or patronize." Webster's New Collegiate Dictionary, p. 17 (1981).
In other words, public announcements are prohibited within the State of Oklahoma that promote the sale or consumption of alcoholic beverages.
A very similar question was addressed in A. G. Opin. No. 76-374. The question in that Opinion was whether an Oklahoma printing company could print and bind a publication of a national publisher located outside of Oklahoma that included, inter alia, liquor advertisements and which was to be distributed nationwide promoting an event to be held in Oklahoma. In giving an affirmative answer, the Attorney General relied on the definition of advertising found in several cases. These definitions were very similar to the plain, ordinary definition quoted above. For example, the Attorney General noted that in Sassone v. Board ofChiropractic Examiners, 20 Cal.Rptr. 231, 235 (1962), adver tise was defined as "to give public notice of; to announce publicly . . . to call public attention to. . . ." Thus, the Attorney General concluded that the activities of the printing company were not advertising.
The meaning of advertising is markedly similar to publishing but markedly dissimilar to printing. The word "publish" means "to make generally known; to make public announcement of; to place before the public." Webster's New Collegiate Dictionary, p. 925 (1981). In Cox v.First Mortgage Loan Company, 48 P.2d 1060 (Okla. 1935), the court noted that "printing" involved "the setting of type, the preparing of the forms for the press work, and the running of the paper through the machinery."Id. at 1063. "Publishing" on the other hand means "to make known what before was private, to put into circulation." Id. The transferring of a publication from metal plates to paper, of labeling, and binding for distribution are acts of printing not acts of advertising or publishing.
Based on the foregoing, we conclude that advertising is an act which makes something publicly known. Printing on the other hand is not an activity that makes something publicly known. Based on the definition of printing in Cox, supra, and the activities described in your opinion request that are to be performed in Oklahoma, we conclude that the facility will not be advertising alcoholic beverages within Oklahoma in the manner proscribed in Okla. Const. Article XXVIII, Section 5 and 37O.S. 516 (1981).
It is, therefore, the official opinion of the Attorney General that anOklahoma printing company may print and bind a publication of a nationalpublisher which contains liquor advertising and which will be distributedin all fifty (50) states without violating either Okla. Const. ArticleXXVIII, Section 5 or 37 O.S. 516 (1981).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
GEORGE R. BARR JR., ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, CIVIL DIVISION